MoIlvaxne, C. J.
There was no error in overruling the demurrer. The only objection made to the sufficiency of ■the indictment is, that it does not contain an averment that the house was in fact used and occupied for the pur *253 pose of prostitution. It is not claimed that, under this statute, an averment that prostitution was in fact practiced-in the house is essential. The point made is that the indictment should show that the house was in fact used for that purpose. The distinction between such averments would be the difference between certainty to a certain intent in particular, and certainty to a certain intent in general — the latter degree of certainty being all that is required in criminal pleadings; and we think it is found in this indictment. There is no substantial difference between. an averment, that A permitted B to use and occupy a. house for a certain purpose, and the averment that A permitted the house to be used and occupied by B for such purpose.
The indictment in this case describes the offense substantially as it is described in the statute, with the further' averment that the accused, unlawfully and knowingly, permitted Mitchell to keep in said house certain females for the purpose of prostitution, with intent that such females-should therein have illicit carnal intercourse with men.
The unlawful use of the house by Mitchell, with the - knowledge and permission of the accused, is sufficiently averred in the indictment.
Upon the whole record, however, we think the defendant below was improperly convicted.
This statute seeks to prevent the evil of prostitution by suppressing houses of ill-fame. All houses or buildings-used or occupied for such purpose, are declared to be public nuisances. It also punishes the owner or person having the control of such places in each of the following cases:. 1. Eor knowingly leasing or subletting the same for such purpose. 2. Eor knowingly permitting the same to be used- or occupied for such purpose. 3. Eor using or occupying' them for that purpose.
The defendant was indicted for the second offense above-named. The testimony showed that he was the owner of the house, and had leased it to Mitchell for a term without any knowledge or intent that it would be unlawfully used1 *254 by the lessee. By his contract, he parted with all control over it for the term.
It is true, the lessee, during the term, used it in violation of the statute; but there is no pretense that the defendant assented, in fact, to such use. Indeed, the proof is to the ■contrary; except only in the fact, that he refused to avoid the lease and re-enter, upon being informed that the property was being used in violation of the statute.
The whole case, therefore, resolves itself into this single question: "Was such refusal to avoid the lease and re-enter into the possession an indictable offense under the statute ?
The court below told the jury that “ such refusal would amount to an acquiescence in her keeping such a house ” (that is, as we understand it, sufficient proof of the offense charged), unless the defendant took other steps “ to induce Mrs. Mitchell either to move or abstain from such use of the premises.”
The qualification annexed to this instruction is of no significance. The defendant was under no legal obligation to induce Mitchell to remove or to abstain from the illegal use of the premises. That it was his moral duty to do so, may be admitted; but the omission on his part to take steps to that end, was no offense under the statute. Section 2 of the act confers on the lessor of property the power to avoid his contract of lease for the cause named; but it does not make the omission to exercise the power an indictable offense.
Nor is the offense as declared by the first section, where the owner or person having the control of property, knowingly permits it to be used for the purpose of prostitution, sustained simply by proving that the lessor refused to avoid a lease innocently made, on the ground named in the second section.

Judgment reversed.

Welch, White, Rex, and Otlmore, JJ., concurred.